[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Subsequent to reasonable notification to all of the parties involved herein a trial was held in connection with the above captioned matter which was premised upon a complaint brought by the plaintiff in which it was alleged that on or about August 1, 1983 the plaintiff, Richard James Stanley, and the defendant, Alan T. Clark, formed a partnership, Dirigo Associates, pursuant to a partnership agreement dated August 1, 1983. The objective of said partnership as described in said agreement, which was admitted into evidence herein, was to invest partnership capital in real estate in the State of Connecticut
The court finds that the plaintiff herein at all times mentioned has fully performed all of the covenants, conditions and promises on his part to be performed. The defendant has breached and or abandoned said partnership agreement and has indicated an intention to enter into an agreement with third parties without the consent of the plaintiff which would result in the dissipation of partnership property. By virtue of his threatened assignment of his share in the partnership to third persons, the result of which would be that such third persons would obtain an interest in the partnership.
The defendant has substantially removed himself from the State of Connecticut leaving the plaintiff to conserve the sole remaining assets of the partnership, which consists of two parcels of real estate, and satisfy partnership obligations for the payment of taxes and or other costs associated with the ownership of said property. The defendant, on October 13, 1988, tendered to the plaintiff his offer of abandonment of the partnership and requested that appropriate papers be drawn up and transmitted to him so that his interest in the partnership could be terminated. The defendant never returned to the plaintiff said proffered partnership paperwork. The defendant has not in any way cooperated, at least since that date, with the plaintiff in connection with the management or satisfaction of claims against the partnership real estate.
The property was purchased for the purpose of developing a condominium project thereon. With the economic conditions prevailing today and for other reasons, although the property is assessed at 7.8 acres for $15,000 it has little or no value today due to said facts of economic conditions and that said 7.8 acres is essentially landlocked in that it has no direct access to a public highway. Any and all permits previously issued in favor of the CT Page 3468 potential development of said premises have expired. There exists a mortgage in the approximate amount of $17,000 and the plaintiff herein has soley satisfied the maturing obligations from month to month on said mortgage. The plaintiff has paid to date the sum of $4,249.92 in mortgage payments on said property without any contribution from the defendant. Therefore, pursuant to Conn. General Statutes Section 34-70 the court grants the application of the plaintiff herein for a decree dissolving the partnership; and finding that the sole remaining partner other than the plaintiff having abandoned and/or relinquished any interest he has in said property and having failed and/or willfully or persistently breached the partnership agreement and conducted himself in an manner relating to the partnership business that it is not reasonably practicable to carry on the business and partnership with him and that said partnership can only be carried on at a loss the court finds that a dissolution of said partnership is equitable under the circumstances. The plaintiff's attorney is directed herein to prepare a suitable order of dissolution conveying all of the right, title and interest in and to the premises in question to the plaintiff. The court finds that there exists as of the date of this trial a debt due the plaintiff from the defendant in the amount of $2,125, the representing one-half of the obligations of the partnership satisfied soley by the plaintiff until the date of dissolution.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk